UNITED STATES DISTRICT COURT   **MAGISTRATE JUDGE**
SOUTHERN DISTRICT OF FLORIDA    **SNOW**

**Case No.: 04 Civ. 7174 (SAS) (JCF)
(S.D.N.Y.)**



ACCESS 4 ALL, INC., a Florida not-for-
profit corporation, and PETER SPALL**05 - 61409**
Individually
    Plaintiffs,

vs.                                    **NON-PARTY EXPERT WITNESS
                                       WILLIAM NORKUNAS' MOTION FOR
PARK LANE HOTEL, INC.,                 PROTECTIVE ORDER WITH
    Defendant.                 INCORPORATED MEMORANDUM OF
_____/       LAW**

    Non-party expert witness William Norkunas, pursuant to Rule 26(c), Fed. R. Civ. P.,

moves for a protective order in respect of his September 7, 2002, deposition by Defendant Park

Lane Hotel, Inc.

## I.    BACKGROUND

### A.  Norkunas was Parklane's Expert

    Norkunas, until early this year was Defendant's expert witness in this action for disability

based discrimination under title III of the Americans with Disabilities Act of 1990, pending in the

United States District Court for the Southern District of New York, against Defendant Park Lane

Hotel, Inc., in connection with the Helmsley Park Lane Hotel, located at 36 Central Park South,

New York, NY.  The parties apparently have resolved all issues with the exception of the

Plaintiffs' attorneys fees.

    The dispute over attorneys' fees has turned ugly, with Defendant raising baseless and

untrue accusations of impropriety against the Plaintiff and against Defendant's former non-

testifying expert witness, the movant herein, William Norkunas.  In turn accusations of wrongful behavior have been raised against Parkland and its attorneys.  *See Exhibit 1 attached hereto*.

Norkunas is a resident of the Southern District of Florida, and Park Lane, pursuant to a July 11, 2005, Order allowing it to depose Mr. Norkunas, *see, Exhibit 2, attached hereto*, seeks to depose him here in the Southern District of Florida pursuant to a subpoena for deposition duces tecum.  Defendant seeks to depose Norkunas in connection with the work he performed as an expert witness which he performed for Defendant and at Defendant's request.

Defendant, in a vicious attempt avoid paying Plaintiffs' attorneys' fees has raised baseless, scurrilous allegations of miscondict against Norkunas in connection with his work on Defendant's behalf in this case.

Norkunas is a noted and respected national authority and expert on titles II and III of the Americans with Disabilities Act and issues involving individuals with disabilities.  Mr. Norkunas has spent considerable time in service to the public with respect to issues relating to disability based discrimination.

On June 16, 2005, Mr. Norkunas was appointed by Florida Governor Jeb Bush, and confirmed by the Florida senate, as Commissioner, disabled community seat, on the Florida Building Commission.  Mr. Norkunas was appointed by former Florida Governor Lawton Chiles to the Florida Human Rights Advocacy Council.  Mr. Norkunas is on the board of directors of the March of Dimes, Florida region, and for two years sat on the Broward County, Florida Board of Rules and Appeals as representative of the disabled community.  Mr. Norkunas was appointed by U.S. Treasury Secretary Robert Rubin as vice chairman of the United States Taxpayer Advocacy Panel, and

The mere fact that Defendant has brought these false, allegations could do harm to Mr. Norkunas' reputation which he has worked very hard to develop and maintain.

Leona Helmsley, who controls the Defendant, and who is a convicted felon, having served 18 months in federal prison after being convicted of federal tax evasion, is no stranger to discovery disputes.  On July 31, 2002, the Associated Press reported that Helmsley was fined $10,000 for discovery abuses and had her answer stricken by New York State Supreme Court Justice Walter Tolub, in a defamation action brought by Patrick Ward, former chief operations officer and vice chairman for Helmsley Enterprises.

As the basis for its refusal to pay Mr. Norkunas' expert witness fees Defendant raises the ludicrous contention  that Mr. Norkunas is not going to be testifying in connection with his work on Defendant's behalf  as an expert witness in this case.

Norkunas does not challenge Defendant's right to depose him, however, because Norkunas is a noted authority and expert witness on the Americans with Disability Act, he requests that the Court issue an order: (i) limiting the scope of his deposition to those issues contained in Defendant's letter to Judge Francis; (ii) that the deposition take place no one present except Norkunas' attorney, the attorneys for the parties, and the court reporter, (iii) sealing his deposition, and after being sealed, be opened only by order of the court; (iv) requiring Defendant to pay his expert witness fees as follows: his two hour minimum, plus ½ hour each way for travel for a total of 3 hours, at his deposition rate of $300 per hour, plus the $1,264.00 Park Lane owes him per his invoice of June 8, 2005, for a grand total of $ 2,164.00.; and (v) such other relief as the court deems fair, just, and equitable.

## MEMORANDUM OF LAW

Norkunas, as a non-party expert witness is entitled to the entry of a protective order limiting the scope of the deposition and requiring Defendant to pay his expert witness fees. Rule 26 provides, in pertinent part, that:

> Upon motion by . . . the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> * * *
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
> * * *
> (5) that discovery be conducted with no one present except persons designated by the court;
> * * *
> (6) that a deposition, after being sealed, be opened only by order of the court;
> *Rule 26(c), Fed. R.Civ. P.*

Mr. Norkunas is not a party to this case, and his involvement in this matter is solely in his capacity as Defendant's expert witness. As a result, the Court should protect Morkunas from being dragged through the mud in what apparently has turned into a vicious dispute between the parties over the Plaintiffs' attorneys' fees and costs.

Mr. Norkunas is entitled to a fee under Rule 26. Rule 26 rule provides, in pertinent part, that:

> unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision. . . .
> *Fed. R.Civ. P. 26(b)(4)(C).*

Mr. Norkunas was retained by Park Lane "in anticipation of litigation or preparation for

trial", and the substance of the discovery Defendant seeks from him clearly relates to knowledge he "acquired or developed in anticipation of litigation or for trial." Accordingly, Mr. Norkunas is a nontestifying expert, and although subject to the Rule 26(b)(4)(B) partial though not a total ban on fact- or opinion-discovery from him, if it were the Plaintiffs seeking this discovery, they would have to pay Mr. Norkunas his expert fee.[1] That Park Lane, the party who hired him, seeks the discovery does not alter the analysis.

Mr. Norkunas is entitled to fees, in advance of the deposition, as follows: his two hour minimum, plus ½ hour each way for travel for a total of 3 hours, at his deposition rate of $300 per hour, plus the $1,264.00 Park Lane owes him per his invoice of June 8, 2005, for a grand total of $ 2,164.00.

WHEREFORE, Movant, non-part expert witness William Norkunas respectfully requests that the Court issue an order: (i) limiting the scope of his deposition to those issues contained in Defendant's letter to Judge Francis; (ii) that the deposition take place no one present except Norkunas' attorney, the attorneys for the parties, and the court reporter, (iii) sealing his deposition, and after being sealed, be opened only by order of the court; (iv) requiring Defendant to pay his expert witness fees as follows: his two hour minimum, plus ½ hour each way for travel for a total of 3 hours, at his deposition rate of $300 per hour, plus the $1,264.00 Park Lane owes him per his invoice of June 8, 2005, for a grand total of $ 2,164.00.; and (v) such other relief as

---

[1] *See Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 993, n. 47 (D.C. Cir. 1979) ("Ordinarily, an expert assisting in preparation for litigation will gain some degree of insight into his employer's past and present activities and may well form impressions of his own and may even personally observe some ongoing activities; however, information of such sort clearly is required in the process of preparation and is within ambit of rule governing discovery of experts; to say that such an expert had thereby become an actor or reviewer with respect thereto would emasculate the rule.")

the court deems fair, just, and equitable.

## STATEMENT UNDER RULE 26(c) and
## THE LOCAL CONSULTATION RULE

I wrote letters to counsel for Defendant on August 9, 16, and 18, 2005, in a good faith attempt to resolve this dispute without court action.  ***See Exhibit 3 attached hereto.***  Defendant has not consented to the relief requested herein.

I HEREBY CERTIFY that I sent a true and correct copy of the foregoing via facsimile and U.S. Mail to: Sandor Frankel, Esq., Counsel for Defendant, 230 Park Avenue, New York, New York 10169, T. 212.661.5000, F. 212.661.5007; and  Lawrence A. Fuller, Esq., Counsel for Plaintiffs, Suite 609, 12000 Biscayne Blvd., North Miami, FL 33181, T. 305.891.5199, F. 305.893.9505, this August 22, 2005.

THE LAW OFFICES OF WILLIAM D. TUCKER, P.A.
Co-Counsel for Plaintiff
718 Northeast 2nd Avenue
Fort Lauderdale, FL  33304
Tel.: 954.453.4500
Fax: 954.453.4507


By: _____
       WILLIAM D. TUCKER, ESQ.
       Fla. Bar No. 865753


Z:\norkunas\MOTION FOR PROTECTIVE ORDER motion.wpd

# INDEX TO EXHIBITS

## NON-PARTY EXPERT WITNESS
## WILLIAM NORKUNAS' MOTION FOR PROTECTIVE ORDER

**Exhibit 1**        August 7, 2005 letter from William D. Tucker, Esq., to Hon. James C. Francis, IV

**Exhibit 2**        July 11, 2005, Order allowing Defendant to subpoena Mr. Norkunas for deposition

**Exhibit 3**        August 18, 2005, letter from William D. Tucker, Esq., to Sandor Frankel, Esq.

Z:\norkunas\MOTION FOR PROTECTIVE ORDER motion.wpd

**Exhibit 1**          August 7, 2005 letter from William D. Tucker, Esq., to Hon. James C. Francis, IV

THE LAW OFFICES OF WILLIAM D. TUCKER, P.A.
718 N.E. Second Avenue
Fort Lauderdale, Florida  33304
Telephone 954.453.4500
Facsimile 954.453.4507

August 7, 2005

Via facsimile: 212.805.7930
Pages transmitted:  __8__

Hon. James C. Francis, IV
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312
T.  212.805.0206

Re:   *Access 4 All, Inc., et al. v. Park Lane Hotel, Inc.*, United States District Court, Southern
      District of New York, Case No. 1:04-cv-07174-SAS-JCF – Serious concerns.

Dear Magistrate Judge Francis:

As you know, I represent Bill Norkunas who has found himself in the midst of a nasty dispute
between the parties over the Plaintiffs' attorneys' fees.

I am writing in order to bring to your attention two serious concerns that I as an officer of the
court feel duty bound to disclose regarding the conduct of the Defendant and its attorneys.  Both
concerns involve an internal Park Lane Hotel e.mail dated  November 16, 2004, which was
provided to Mr. Norkunas by the Defendant's attorneys under cover dated November 18, 2004,
copies of which follow for your reference (2 pp).

My first concern involves what I believe to be a potential Rule 26 disclosure violation on the part
of the Defendant.  The second concern is potentially far more serious, and involves the
Declaration of Abe Wolf **[DE 28]** submitted in opposition to Plaintiffs' motion for attorneys'
fees (copy follows 2 pp).

**The Potential Rule 26 Violation.**
I believe the Defendant's efforts to target Mr. Norkunas are the direct result of his advice
regarding the November 16, 2004, e.mail.

Mr. Norkunas advised the Defendant and its attorneys that  the existence and contents of the
e.mail must be disclosed under Rule 26's initial disclosure obligations.  The Defendant's
corporate representative and its attorneys at Frankel & Abrams advised Mr. Norkunas that there
would be no such disclosure.  Mr. Norkunas strenuously objected, pointing out that the e.mail
was directly related to the issues involved in the case, *i.e.*, alterations to the hotel made after the
effective date of title III of the Americans with Disabilities Act of 1990, P.L. 101-336.

Hon. James C. Francis, IV
United States Magistrate Judge
August 7, 2005
Page 2

The Defendant and its attorneys stated in no uncertain terms that the e.mail would never see the light of day. The relationship between Mr. Norkunas and the Defendant deteriorated immediately thereafter.

Now, without any basis in fact, the Defendant, cynically attempting to exploit the fiduciary duty which Mr. Norkunas still owes it, is leveling serious charges against Mr. Norkunas in an attempt to smear his professional reputation in retaliation for the position he took regarding the November 16, 2004, Park Lane e.mail.

The Defendant charges Mr. Norkunas with improper contact with the Plaintiffs' attorneys. This allegation is based on Mr. Frankel's assertion that Mr. Norkunas did not know the name of the Defendant's testifying expert, Elliott Vilkas. Thus, Mr. Frankel argues, the only way Mr. Vilkas' name could appear in a May 13, 2005, entry in Mr. Norkunas' billing statement is if Mr. Norkunas had improper contact with Plaintiffs' counsel.

However, Mr. Frankel failed to disclose to the Court that Defendant's corporate representative Lou Latch revealed Elliott Vilkas' involvement in this case during a December 15, 2004, telephone call with Mr. Norkunas. I have for your review a copy of Mr. Norkunas' contemporaneous handwritten note of that telephone call (1 pp).

Mr. Frankel also charges that Mr. Norkunas had "been informed of the terms of the [confidential] Settlement Agreement, including the identity of the parties released and not released".

What Mr. Frankel failed to disclose to the Court is that Mr. Norkunas has been the defense expert in a number of other ADA title III cases involving the Plaintiffs and their attorneys Fuller & Fuller, and that the provisions of their settlement agreements often vary little from case to case.

A close reading of Mr. Norkunas' June 8th letter to Defendant fails to provide any support for Mr. Frankel's allegation that Mr. Norkunas had "been informed of the terms of the [confidential] Settlement Agreement, including the identity of the parties released and not released". Mr. Norkunas make no reference at all to any parties not released by the Settlement Agreement.

I am writing in an abundance of caution due to the fiduciary duty which Mr. Norkunas, as its former expert owes the Defendant. Although Mr. Norkunas could defend himself and his professional reputation had the Defendant filed suit against him, I, in an abundance of caution am proceeding under the assumption that Mr. Norkunas' cannot defend himself given the current procedural posture.

Before allowing the Defendant to run roughshod over Mr. Norkunas in retaliation for his

Hon. James C. Francis, IV
United States Magistrate Judge
August 7, 2005
Page 3
_____

insistence that the Defendant <u>and its attorneys</u> comply with Rule 26's disclosure obligations, please accept this request that the Court investigate the issues raised in this letter, and determine whether the Defendant's allegations against Mr. Norkunas were made in bad faith.

**The Declaration of Abe Wolf.**
I have discovered an additional potentially serious matter.  In Abe Wolf's Declaration **[DE 28]** submitted in opposition to Plaintiffs' motion for attorneys' fees (copy follows 2 pp) Mr. Wolf states at paragraph 2, that "the Hotel was built in 1971, <u>and has not engaged in any new construction or alterations to its premises since January 26, 1992</u>."

However, according to the November 16, 2004, e.mail the hotel has undergone <u>a significant amount of renovations and alterations to its premises since January 26, 1992</u>.

In light of the November 16, 2004, e.mail it appears that Mr. Wolf's Declaration is untrue.  The Defendant's lawyers, who had actual knowledge of the November 16, 2004, e.mail, submitted Mr. Wolf's Declaration to the Court.

Respectfully,
THE LAW OFFICES OF WILLIAM D. TUCKER, P.A.

William D. Tucker, Esq.

Enclosures as indicated above

cc:      client (via facsimile  954.484.3539); Sandor Frankel, Esq. (via facsimile 212.661.5007);
         Lawrence A. Fuller, Esq.  (via facsimile 305.893.9505)

Z:\norkunas\letter to judge james c. francis (2005.8.7) regarding serious concerns.wpd

**FRANKEL & ABRAMS**
ATTORNEYS AT LAW
230 PARK AVENUE
NEW YORK, N.Y. 10169

SANDOR FRANKEL
STUART E. ABRAMS
M BREEZE McMENNAMIN
WILLIAM J BRADY, III

TELEPHONE (212) 661-5000
TELEFAX (212) 661-5007

## FACSIMILE COVER SHEET

**TO:**   WILLIAM NORKUNAS                **DATE:** 11/18/04

**RE:**   ACCESS 4 ALL v PARK LANE HOTEL

**FROM:** M BREEZE McMENNAMIN

**Number of Receiving Fax:** (954) 484-3539        **Pages to follow** 1

**MESSAGE:** Please see enclosed e-mail regarding the Park Lane Hotel.

This facsimile transmission contains confidential and/or legally privileged information from the law firm Frankel & Abrams intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited.

## Ray Keane

| | |
|---|---|
| **From:** | Ray Keane [rkeane@HELMSLEYHOTELS.COM] |
| **Sent:** | Tuesday, November 16, 2004 2:16 PM |
| **To:** | fbischanka@HELMSLEYHOTELS.COM |
| **Cc:** | 'Ray Keane' |
| **Subject:** | Handicapped Accessible Rooms |

Hello, Mr. Bischanka,

In response to your inquiry, I have researched the following:

1.   The hotel has 595 guest rooms

2.   Three (3) rooms are denoted as "handicapped accessible": 1600, 1700, 1711

3.   Room 1711 has a roll-in shower

4.   The hotel was built in the year 1971

5.   The structural alterations (including re-tiling bathrooms, adding handrails, ...) made to the rooms since January 1992 include:
     a)   the "00" line and the "01" line of rooms, all park view, were renovated about 6 years ago when they received new bathrooms (approx 80 rooms...floors 6 through 45).

Kind Regards,

Ray Keane
Director of Sales & Marketing

Helmsley Park Lane Hotel
36 Central Park South
New York, NY 10019 USA

Tel: +1 212 521 6271
Fax: +1 212 750 7317
E-Mail: rkeane@helmsleyhotels.com

For future reservations please visit our website www.helmsleyhotels.com

1

FRANKEL & ABRAMS
Sandor Frankel (SF 8642)
M. Breeze McMennamin (MM 5141)
230 Park Avenue
New York, NY 10169
(212) 661-5000

Attorneys for Defendant
Park Lane Hotel, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ACCESS 4 ALL, INC., a Florida not-for-profit :     04. Civ. 7174 (SAS) (JCF)
corporation, and PETER SPALLUTO,
Individually,                                    :

                      Plaintiff,        :     DECLARATION OF ABE WOLF
                                         IN OPPOSITION TO PLAINTIFFS'
   - against-                                   :     APPLICATION FOR AN AWARD
                                         OF ATTORNEYS' FEES,
PARK LANE HOTEL, INC., a New York  :     EXPERT'S FEES, LITIGATION
corporation,                                          EXPENSES, AND COSTS

                      Defendant.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       ABE WOLF hereby declares as follows:

       1. I am the treasurer of the Park Lane Hotel, Inc. (the "Park Lane"), defendant in the

above-captioned action. I respectfully submit this declaration in opposition to the Plaintiffs'

Application For An Award Of Attorneys' Fees, Expert's Fees, Litigation Expenses, And Costs.

The statements made herein are true to my knowledge, unless otherwise stated.

       2. The Park Lane owns the Helmsley Park Lane Hotel (the "Hotel"), located at 36

Central Park South, New York, NY.  The Hotel has 595 guest rooms.  At the time this action was commenced, the Hotel had three handicapped-accessible guest rooms, one with a roll-in shower.  The Hotel was built in 1971, and has not engaged in any new construction or alterations to its premises since January 26, 1992.

3.  Contrary to the allegations in the Complaint and Amended Com~ ' '
action, there are no ~~self-service~~ ~~~~ dispensers  at the Hotel.  Nor is there a sauna or a shower in the Hotel's fitness room.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July __, 2005

_Abe Wolf_ (signature)

Abe Wolf

2

(on (after
(LNCH)

he called me

Filed
12-15-04

at 3:00
↓
3:05

I reiterated my position

on readily achievable
vs
new construction / alterations

I still said he should put
his architect on conf call !!
(Elliott Villar)
this got his email

+ sent

1) ADAAG . PDF
2) 36.301 (all)
3) 36.401 (all)

lot of time here

**Exhibit 2**        July 11, 2005, Order allowing Defendant to
subpoena Mr. Norkunas for deposition

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:    (ECF)
ACCESS 4 ALL, INC., a Florida not  :  04 Civ. 7174 (SAS) (JCF)
for profit corporation, and PETER  :
SPALLUTO, Individually,            :      O R D E R
                                   :
              Plaintiffs,          :
                                   :
     - against -                   :
                                   :
PARK LANE HOTEL, INC., a           :
New York Corporation,              :
                                   :
              Defendant.           :
- - - - - - - - - - - - - - - - - -:

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #:                      │
│ DATE FILED: 7/11/05         │
└─────────────────────────────┘
```

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Defendant having requested an order directing plaintiffs'
counsel to appear for deposition and permitting defendant to
subpoena William Norkunas for a deposition, it is hereby ORDERED as
follows:

1. The application to depose plaintiffs' counsel is denied as
premature. There is no evidence that plaintiffs' counsel had
inappropriate communications with Mr. Norkunas.

2. Defendant may subpoena Mr. Norkunas for deposition.


                    SO ORDERED.

                    _James C. Francis IV_____
                    JAMES C. FRANCIS IV
                    UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          July 11, 2005


                              1

**Exhibit 3**     August 18, 2005, letter from William D. Tucker, Esq., to Sandor Frankel, Esq.

THE LAW OFFICES OF WILLIAM D. TUCKER, P.A.
718 N.E. Second Avenue
Fort Lauderdale, Florida  33304
Telephone 954.453.4500
Facsimile 954.453.4507

August 18, 2005

Via facsimile: 212.661.5007
Pages transmitted:  __3__


Sandor Frankel, Esq.
230 Park Avenue
New York, New York 10169
T.  212.661.5000


Re:   *Access 4 All, Inc., et al. v. Park Lane Hotel, Inc.,* United States District
      Court, Southern District of New York, Case No. 1:04-cv-07174-SAS-JCF –
      Deposition.

Dear Mr. Frankel:

I am writing to discharge my obligations under *Rule 26.1., S.D. Fla. L.R.*[1]  with

---

[1]    This discovery dispute will be resolved in the United States District Court for the Southern
District of Florida. *Rule 37(b)(1), Fed.R.Civ.P.*
            Local Rule 26.1.1 requires compliance with Local Rule 7.1.A.3.  Local Rule 7.1.A.3.  provides:
            Prior to filing any motion in a civil case, except for a motion for injunctive relief, for
            judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance
            of a class action, to dismiss for failure to state a claim upon which relief can be granted,
            or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in
            writing), or make reasonable effort to confer (orally or in writing), with all parties or
            non-parties who may be affected by the relief sought in the motion in a good faith effort
            to resolve by agreement the issues to be raised in the motion. Counsel conferring with
            movant's counsel shall cooperate and act in good faith in attempting to resolve the
            dispute. At the time of filing the motion, counsel for the moving party shall file with the
            Clerk a statement certifying either: (a) that counsel for the movant has conferred with all
            parties or non-parties who may be affected by the relief sought in the motion in a good
            faith effort to resolve the issues raised in the motion and has been unable to do so; or (b)
            that counsel for the movant has made reasonable efforts to confer with all parties or
            non-parties who may be affected by the relief sought in the motion, which efforts shall be
            identified with specificity in the statement, but has been unable to do so. If certain of the
            issues have been resolved by agreement, the statement shall specify the issues so

Sandor Frankel, Esq.
August 18, 2005
Page 2

respect to the motion for protective order I will file on behalf of Mr. Norkunas if the Defendant continues in its refusal to acknowledge its obligation to pay Mr. Norkunas' fees in respect of his deposition, which is currently scheduled for September 7, 2005, at 1:00 p.m.

As you note in your July 5, 2005, letter to Judge Francis, you retained Mr. Norkunas as a "non-testifying expert witness" in this action. You now seek to depose him in connection with the work as an expert witness which he performed for you and at your request. To now contend that Mr. Norkunas is not going to be testifying in his capacity as an expert witness is ludicrous.

Mr. Norkunas is entitled to a fee under Rule 26. Rule 26 rule provides, in pertinent part, that:

> unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision. . . .

*Fed. R.Civ. P. 26(b)(4)(C).*

The line of cases upon which you rely involve individuals who were not specifically retained to provide expert opinion testimony. Those cases do not apply here.

Mr. Norkunas was retained by Park Lane "in anticipation of litigation or preparation for trial", and the substance of the discovery you seek from him clearly relates to knowledge he "acquired or developed in anticipation of litigation or for trial." Accordingly, Mr. Norkunas is a nontestifying expert, and although subject

---

resolved and the issues remaining unresolved. Failure to comply with the requirements of this rule may be cause for the court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee. *Rule 7.1.3., S.D.Fla. L.R.*

Failure to include this certificate has been held to be fatal. *Drexel Brunham Lambert.. Inc. v. Warner*, 665 F.Supp. 1549, 1555 (S.D. Fla. 1987); *Republic of Haiti v. Crown Charters. Inc.*, 667 F. Supp. 839 (S.D. Fla. 1987). As aptly noted by Judge Paine in *Republic of Hati*: " [t]he Court does not take lightly the failure of any attorney to endeavor to resolve discovery problems in accordance with the letter and spirit of Local General Rule 10(I)(7).

Sandor Frankel, Esq.
August 18, 2005
Page 3

---

to the Rule 26(b)(4)(B) partial though not a total ban on fact- or opinion-discovery from him, if it were the Plaintiffs seeking this discovery, they would have to pay Mr. Norkunas his expert fee.[2]  That Park Lane, the party who hired him, seeks the discovery does not alter the analysis.

Mr. Norkunas is entitled to fees, **in advance of the deposition**, as follows: his two hour minimum, plus ½ hour each way for travel for a total of 3 hours, at his deposition rate of $300 per hour, PLUS the $1,264.00 Park Lane owes him per his invoice of June 8, 2005, for a grand total of $ 2,164.00.

If by close of business Monday, August 22, 2005, you do not acknowledge the Defendant's obligation to pay Mr. Norkunas' fees as set forth above, I will file a motion for protective order.

Very Truly Yours,
THE LAW OFFICES OF WILLIAM D. TUCKER, P.A.



William D. Tucker, Esq.

cc:     client (via facsimile  954.484.3539)

Z:\norkunas\letter to sandor frankel, esq. (2005.8.18) re motion for protective order.wpd

---

[2] *See Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 993, n. 47 (D.C. Cir. 1979) ("Ordinarily, an expert assisting in preparation for litigation will gain some degree of insight into his employer's past and present activities and may well form impressions of his own and may even personally observe some ongoing activities; however, information of such sort clearly is required in the process of preparation and is within ambit of rule governing discovery of experts; to say that such an expert had thereby become an actor or reviewer with respect thereto would emasculate the rule.")

Confirmation Report – Memory Send

Time      : 08-18-05   12:15pm
Tel line  :
Name      : PROFESSIONAL SERVICES

| | | |
|---|---|---|
| Job number | : | 516 |
| Date | : | 08-18   12:13pm |
| To | : | 12126615007 |
| Document pages | : | 03 |
| Start time | : | 08-18   12:13pm |
| End time | : | 08-18   12:15pm |
| Pages sent | : | 03 |
| Status | : | OK |
| Job number | : 516 | |

\*\*\* SEND SUCCESSFUL \*\*\*

THE LAW OFFICES OF WILLIAM D. TUCKER, P.A.
718 N.E. Second Avenue
Fort Lauderdale, Florida  33304
Telephone 954.453.4500
Facsimile 954.453.4507

August 18, 2005

Via facsimile: 212.661.5007
Pages transmitted:  _3_

Sandor Frankel, Esq.
230 Park Avenue
New York, New York 10169
T.  212.661.5000

Re:   *Access 4 All, Inc., et al. v. Park Lane Hotel, Inc.*, United States District
Court, Southern District of New York, Case No. 1:04-cv-07174-SAS-JCF –
Deposition.

Dear Mr. Frankel:

I am writing to discharge my obligations under *Rule 26.1., S.D. Fla. L.R.*[1] with

---

[1]   This discovery dispute will be resolved in the United States District Court for the Southern
District of Florida. *Rule 37(b)(1), Fed.R.Civ.P.*
Local Rule 26.1 requires compliance with Local Rule 7.1.A.3.  Local Rule 7.1.A.3. provides:
Prior to filing any motion in a civil case, except for a motion for injunctive relief, for
judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance
of a class action, to dismiss for failure to state a claim upon which relief can be granted,
or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in
writing), or make reasonable effort to confer (orally or in writing), with all parties or
non-parties who may be affected by the relief sought in the motion in a good faith effort
to resolve by agreement the issues to be raised in the motion. Counsel conferring with
movant's counsel shall cooperate and act in good faith in attempting to resolve the
dispute. At the time of filing the motion, counsel for the moving party shall file with the
Clerk a statement certifying either: (a) that counsel for the movant has conferred with all
parties or non-parties who may be affected by the relief sought in the motion in a good
faith effort to resolve the issues raised in the motion and has been unable to do so; or (b)
that counsel for the movant has made reasonable efforts to confer with all parties or
non-parties who may be affected by the relief sought in the motion, which efforts shall be
identified with specificity in the statement, but has been unable to do so. If certain of the
issues have been resolved by agreement, the statement shall specify the issues so

# Confirmation Report – Memory Send

Time      : 08-18-05   12:17pm
Tel line  :
Name      : PROFESSIONAL SERVICES

| | | |
|---|---|---|
| Job number | : | 518 |
| Date | : | 08-18  12:14pm |
| To | : | 13058939505 |
| Document pages | : | 03 |
| Start time | : | 08-18  12:16pm |
| End time | : | 08-18  12:17pm |
| Pages sent | : | 03 |
| Status | : | OK |

Job number      : 518          \*\*\* SEND SUCCESSFUL  \*\*\*

---

THE LAW OFFICES OF WILLIAM D. TUCKER, P.A.
718 N.E. Second Avenue
Fort Lauderdale, Florida  33304
Telephone 954.453.4500
Facsimile 954.453.4507

*TU. Lary File*
*305 . 893. 9505*

August 18, 2005

Via facsimile: 212.661.5007
Pages transmitted:  __3__

Sandor Frankel, Esq.
230 Park Avenue
New York, New York 10169
T. 212.661.5000

Re:  *Access 4 All, Inc., et al. v. Park Lane Hotel, Inc.,* United States District
Court, Southern District of New York, Case No. 1:04-cv-07174-SAS-JCF –
Deposition.

Dear Mr. Frankel:

I am writing to discharge my obligations under *Rule 26.1., S.D. Fla. L.R.*[1] with

---

[1]    This discovery dispute will be resolved in the United States District Court for the Southern
District of Florida. *Rule 37(b)(1), Fed.R.Civ.P.*
Local Rule 26.1I requires compliance with Local Rule 7.1.A.3.  Local Rule 7.1.A.3.  provides:
Prior to filing any motion in a civil case, except for a motion for injunctive relief, for
judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance
of a class action, to dismiss for failure to state a claim upon which relief can be granted,
or to involuntarily dismiss an action, counsel for the movant shall confer (orally or in
writing), or make reasonable effort to confer (orally or in writing), with all parties or
non-parties who may be affected by the relief sought in the motion in a good faith effort
to resolve by agreement the issues to be raised in the motion. Counsel conferring with
movant's counsel shall cooperate and act in good faith in attempting to resolve the
dispute. At the time of filing the motion, counsel for the moving party shall file with the
Clerk a statement certifying either: (a) that counsel for the movant has conferred with all
parties or non-parties who may be affected by the relief sought in the motion in a good
faith effort to resolve the issues raised in the motion and has been unable to do so; or (b)
that counsel for the movant has made reasonable efforts to confer with all parties or
non-parties who may be affected by the relief sought in the motion, which efforts shall be
identified with specificity in the statement, but has been unable to do so. If certain of the
issues have been resolved by agreement, the statement shall specify the issues so

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

CIV-ZLOCH

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**
Access 4 ALL, Inc., a Florida not-for-profit corp., & Peter Spallato

**DEFENDANTS**
Park Lane Hotel, Inc.

## 05-61409  MAGISTRATE JUDGE SNOW

**(b)** County of Residence of First Listed Plaintiff  Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  Lawrence Fuller
Ste 609, 12000 Biscayne Blvd, North Miami, FL 33181, T, 305-891-5199

Attorneys (If Known)
Savier Frankel, Esq., 230 Park Avenue, NY, NY, T 212.661.5200

**(d)** Check County Where Action Arose: ☐ DADE  ☐ MONROE  ☒ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) |
|---|---|
| ☐ 1  U.S. Government Plaintiff | (For Diversity Cases Only) |
| ☒ 3  Federal Question (U.S. Government Not a Party) | PTF DEF |
| ☐ 2  U.S. Government Defendant | Citizen of This State  ☒ 1  ☐ 1   Incorporated or Principal Place  ☐ 4  ☐ 4 of Business In This State |
| ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State  ☐ 2  ☐ 2   Incorporated and Principal Place  ☒ 5  ☐ 5 of Business In Another State |
| 0:05 61409- Zloch-Snow | Citizen or Subject of a  ☐ 3  ☐ 3   Foreign Nation  ☐ 6  ☐ 6 Foreign Country |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

Pending in
☐ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☒ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Motion for Protective Order, Rule 26(c), by non-party witness), case pending in S.D.N.Y.

LENGTH OF TRIAL via ____ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $  N/A  CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY**  (See instructions)  JUDGE ____  DOCKET NUMBER ____

DATE  8/22/2005  SIGNATURE OF ATTORNEY OF RECORD  Wm Tucker, Esq, Atty for MNVNs NotKunis  Wm

**FOR OFFICE USE ONLY**
RECEIPT # 5509  AMOUNT 3900  APPLYING IFP ____